IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: 1:18-cv-197

RIVERCLIFF PROPERTIES, INC.,

Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

Defendant.

### DEFENDANT'S NOTICE OF REMOVAL

NOW INTO COURT, comes Defendant, Scottsdale Insurance Company (hereinafter "Scottsdale" or "Defendant"), which pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446 and with a full reservation of rights, hereby removes the lawsuit styled *Rivercliff Properties, Inc. v. Scottsdale Insurance Company,* Case No. 17 CVS 142, on the docket of the General Court of Justice Superior Court Division for the County of Moore, State of North Carolina, to the United States District Court for the Middle District of North Carolina. Defendant respectfully submits that the grounds for removal of this action are as follows:

1. Plaintiff Rivercliff Properties, Inc. ("Plaintiff") initiated the present lawsuit on February 6, 2018, by filing a Verified Complaint in the General Court of Justice, Superior Court Division for the County of Moore, State of North Carolina ("the State Court Action"). It arises from a fire on April 21, 2015 that destroyed the single-family residence located at 2779 Rivercliff Road, Fayetteville, North Carolina 28301 (the "Property"). (Compl. ¶ 5.) That same night, two

1

separate fires destroyed the single-family residences located at 2764 and 2783 Rivercliff Road.[1] *Rivercliff Properties, Inc. v. Certain Interested Underwriters at Lloyds London Subscribing to Certificate AVAC084293, Certain Interested Underwriters at Lloyds London Subscribing to Certificate TMILVAC116757, et al.*, 2016 WL 5921775, 5:16-cv-00215-BO *1 (E.D.N.C. Oct. 7, 2016). Plaintiff owned all three homes at the time of the fires.[2] *Id.*

2. Plaintiff alleges Scottsdale issued a commercial property insurance policy to Plaintiff providing coverage for the Property (Compl. ¶ 3). Plaintiff alleges that said policy was in full force and effect at the time the Property was destroyed by fire, that Plaintiff submitted a claim to Scottsdale, and that Scottsdale denied said claim. (Compl. ¶¶ 3-10.)

3. Plaintiff served Scottsdale with the Complaint on March 5, 2018.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Scottsdale in the State Court Action are attached hereto as **Exhibit "A"**.

## Citizenship of the Parties

5. Scottsdale is a surplus lines carrier incorporated in Ohio with its principal place of business in Scottsdale, Arizona.

6. Plaintiff Rivercliff Properties, Inc. is a North Carolina Corporation. (Compl. ¶ 1.)

## Amount in Controversy

7. There is more than $75,000, exclusive of interest and costs, in controversy in this lawsuit. Specifically, Plaintiff alleges that Scottsdale issued Policy Number CPS2146048 to

---

[1] As described more fully in paragraph 8 and footnote 3 below, the present State Court Action is part of the second wave of lawsuits Plaintiff has filed arising out of these three fires. *See Rivercliff Properties, Inc. v. Certain Interested Underwriters at Lloyds London Subscribing to Certificate AVAC084293, Certain Interested Underwriters at Lloyds London Subscribing to Certificate TMILVAC116757, et al.*, 2016 WL 5921775, 5:16-cv-00215-BO *1 (E.D.N.C. Oct. 7, 2016); *Rivercliff Properties, Inc. v. Certain Underwriters At Lloyds London Subscribing To Certificate / Policy Number AVAC084293*, Case No.: 1:18-cv-36-LCB-JLW (M.D.N.C.).

[2] At the time of the fires, Plaintiff also owned a fourth home on the same street, located at 2776 Rivercliff Road, which Plaintiff's principal Mr. Robert Gore used as his personal residence. *See id.* That home did not burn. *Id.*

PD.23476763.1

Plaintiff and that Scottsdale breached the terms of said Policy by refusing to pay Plaintiff's claim after the insured Property was "destroyed." (Compl. ¶¶ 3-10.) A true and accurate copy of said Policy is attached hereto as **Exhibit B**. According to the terms of said Policy, the Property was insured for $470,000.

8. In sworn testimony given during an Examination Under Oath as part of the insurance claim, Plaintiff's representative testified that at the time of the fire the insured property located at 2779 Rivercliff was listed for sale for $270,000, and he estimated the amount of the total loss resulting from the fire to be around $335,000.

9. Additionally, the State Court Action is part of the second wave of lawsuits Plaintiff has filed in connection with the fires on April 21, 2015.[3] The first suit alleged that two of the subject fires had caused Plaintiff to suffer damages in excess of $900,000. *See Rivercliff Properties, Inc. v. Certain Interested Underwriters at Lloyds London Subscribing to Certificate AVAC084293, Certain Interested Underwriters at Lloyds London Subscribing to Certificate TMILVAC116757, et al.*, 2016 WL 5921775, 5:16-cv-00215-BO *1 (E.D.N.C. Apr. 29 2016) (D.E. 1-1).

## Timeliness of Removal

10. Thirty (30) days have not elapsed from the date Defendants were served with the Verified Complaint. Furthermore, one year has not passed from the commencement of this action,

---

[3] The first such suit was filed in Cumberland County, North Carolina (the Eastern District of North Carolina) on March 24, 2016, and was styled *Rivercliff Properties, Inc. v. Certain Interested Underwriters at Lloyds London Subscribing to Certificate Number AVAC084293, Certain Interested Underwriters at Lloyds London Subscribing to Certificate Number TMILVAC116757 et. al.,* Case No. 16-CVS-2169. The defendants in that suit removed it to the U.S. District Court for the Eastern District of North Carolina, where all but one of Plaintiff's causes of action were involuntarily dismissed by the Court on October 7, 2016, and where the remaining claim was voluntarily dismissed on December 15, 2016. *Rivercliff Properties, Inc. v. Certain Interested Underwriters at Lloyds London Subscribing to Certificate AVAC084293, Certain Interested Underwriters at Lloyds London Subscribing to Certificate TMILVAC116757, et al.*, 2016 WL 5921775, 5:16-cv-00215-BO *1 (E.D.N.C. Oct. 7 2016) (D.E. 35).

which was first filed on February 6, 2018. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

### Conclusion

11. 28 U.S.C. § 1441(a) provides:

> Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

12. Given that there is diversity of citizenship between the only Plaintiff and Defendant and because the amount in controversy exceeds $75,000, exclusive of interest, attorneys' fees and costs, this Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

13. Venue is proper under 28 U.S.C. § 1446(a) because the State Court Action is pending within the geographical jurisdiction of the Middle District of North Carolina.[4]

14. Promptly after filing this Notice of Removal, written notice hereof will be given to all parties. In additional, Defendants will file a copy of this Notice of Removal with the Clerk of Court for the General Court of Justice Superior Court Division for the County of Moore, State of North Carolina in conformity with 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, pray that this Notice of Removal be deemed good and sufficient, that the aforesaid Verified Complaint be removed from the General Court of Justice, Superior Court Division for the County of Moore, State of North Carolina to the United States

---

[4] While venue is appropriate in this District because the current State Court Action is pending within this District, it is Scottsdale's position that the Eastern District of North Carolina, where the sister dispute was previously pending, is the most appropriate district and the district that would be more convenient to the parties and the witnesses. Accordingly, Scottsdale intends to move to transfer venue to the Eastern District of North Carolina where the prior related suit was pending.

District Court for the Middle District of North Carolina for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court and thereupon proceed with the civil action as if it had been commenced originally herein.

This the 2nd day of April 2018.

Respectfully submitted,

PHELPS DUNBAR LLP

/s/ Kevin M. O'Brien
Kevin M. O'Brien, NC Bar #43373
obrienk@phelps.com
Nathan A. Huff, NC Bar #40626
nathan.huff@phelps.com
Phelps Dunbar LLP
GlenLake One
4140 ParkLake Avenue, Suite 100
Raleigh, North Carolina 27612-3723
Telephone: 919-789-5300
Facsimile: 919-789-5301
*Attorneys for Scottsdale Insurance Company*

**Certificate of Service**

The undersigned certifies that the document to which this Certificate is affixed was served upon the following parties by UPS Overnight Delivery on April 2, 2018.

Dawn A. Hanzlik-Hexmer
T. Dean Amos
1331 N. Center St.
Hickory, NC 28601
828-885-3152
*Attorneys for Plaintiff Rivercliff Properties, Inc.*


PHELPS DUNBAR LLP


/s/  Kevin M. O'Brien
Kevin M. O'Brien, NC Bar #43373
obrienk@phelps.com
Nathan A. Huff, NC Bar #40626
nathan.huff@phelps.com
Phelps Dunbar LLP
GlenLake One
4140 ParkLake Avenue, Suite 100
Raleigh, North Carolina 27612-3723
Telephone:     919-789-5300
Facsimile:     919-789-5301
*Attorneys for Scottdale Insurance Company*